8410

STANFORD v. CUDD.

1. Exceptions.—This Court cannot consider exceptions charging error in admitting evidence set out only in the exceptions; nor in refusing a motion for nonsuit when the "Case" does not show the grounds or that the motion was made; nor in refusing to give certain requests which are not referred to in the "Case."

2. Ibid.—Appeal.—It is sufficient if the "Case" state requests and grounds of nonsuit are correctly stated in the exceptions.

3. APPEAL—JUDGMENT—MAGISTRATE.—Where there is evidence warrant-
    ing a judgment of a magistrate court, and there is nothing to show
    its affirmance on Circuit was controlled or affected by errors of
    law, this Court will assume the Circuit Court affirmed the judgment
    on the merits disregarding errors not affecting the merits.

Before GAGE, J., Spartanburg, January, 1912.  Affirmed.

Action by D. T. P. Stanford against J. N. Cudd in court
of magistrate A. H. Kirby.  From order on Circuit affirm-
ing magistrate judgment, defendant appeals.

*Messrs. Ben Hill Brown* and *C. P. Sims,* for appellant.

*Mr. T. M. Lyles,* contra.

January 10, 1913.  The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK.  Plaintiff sued defendant in the
court of a magistrate to recover $80, the value of some
advertising signs, ordered by S. E. True, for the advertise-
ment of True's Department Store.  Plaintiff sought to hold
defendant liable on the ground that he was the owner of
True's Department Store, and that True was his agent in
the management of the business.  The case was tried before
the magistrate and a jury, and the jury found for plaintiff,
whereupon, defendant appealed to the Circuit Court.  On
hearing the appeal, the Court affirmed the judgment of the
magistrate's court in a short order, in which no reasons are
stated for the conclusion reached.  From that judgment,
the defendant appealed to this Court.

The first nine exceptions assign error to the Circuit Court
in sustaining the magistrate's refusal to charge certain
propositions of law, which are stated only in the exceptions.
One exception assigns error in sustaining the magistrate's
refusal of defendant's motion for nonsuit.  The others

assign error in sustaining the rulings of the magistrate in admitting certain evidence, which is mentioned in the exceptions.

Besides the objections to the testimony referred to in the exceptions, the record contains only the following statement as to what took place in the magistrate's court: "The jury found for the plaintiff, and the defendant made a motion for a new trial on the ground that there was not sufficient testimony to support the verdict, and also on the ground that the Court had erred in refusing the several requests to charge of the defendant, and the magistrate overruled the motion."

It will be seen that it does not show, except inferentially, that any requests to charge were submitted to the magistrate and refused by him; nor does it show that a motion for nonsuit was made, or, if made, the grounds upon which it was made; nor does it show what were the grounds of appeal to the Circuit Court. The record should show these matters in order that we may know that the points raised by the exceptions were presented to and considered by the Circuit Court, for we have frequently held that we can consider no question which was not presented to or decided by the Circuit Court.

It is not necessary to repeat the requests to charge, the grounds of a motion for nonsuit, or the grounds of appeal to the Circuit Court, as is often done. A simple statement in the record to the effect that they are correctly set out in the exceptions is sufficient.

But waiving the defect and assuming that the same points presented by the exceptions were properly made on Circuit, we can not say there was error in affirming the judgment of the magistrate's court. Sections 358 and 368 of the Code of Procedure provide that such appeals shall be heard in the Circuit Court on all the papers in the case, and the testimony taken at the trial, and that "the

appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits." In obedience to the statute, the Circuit Court might have concluded that the magistrate erred in refusing some or all of the defendant's requests, or in admitting some or all of the testimony objected to by defendant, but the Court might have thought, upon consideration of the case on the merits, that, notwithstanding such errors, the plaintiff was entitled to judgment; and as there was evidence which would have warranted such a conclusion, and as we cannot say that the judgment was affected or controlled by any error of law, it must be affirmed.

Affirmed.