8451

PRICE v. CHARLESTON & WESTERN CAROLINA RY. CO.

1. APPEAL—MAGISTRATE COURT.—Where the record does not disclose the ground on which a judgment on appeal from magistrate court is based, this Court will assume that it was rested on some sound and meritorious ground and sustain it if the record discloses such ground.

2. CARRIER—FREIGHT—PENALTY.—Where a consignee files a claim for damages to goods and the claim is not paid, he is entitled to the penalty for not adjusting in 30 days, even if he recovers more than the amount for which the claim was filed, but when he, after filing, sues for damages for delay, damages to the goods and for penalty for delay and recovers a general verdict for more than claim filed, he must show his recovery for damages to the goods was for the

full amount of claim filed before he can recover penalty for not adjusting claim.

3. IBID.—IBID.—A claim for damages to freight should not be filed until the shipment or some part of it has arrived, or until a reasonable time for its arrival has elapsed.

4. "CASE"—ATTORNEYS.—Where counsel do not take the time and trouble to prepare correct records for the Court they may expect to take the consequences—*Obiter Dictum.*

Before WILSON, J., Hampton, November, 1912. Affirmed.

Action by Council Price, and his wife, Rebecca Price, against Charleston and Western Carolina Railway Company, in court of magistrate J. G. Murdaugh. Plaintiffs appeal from Circuit order affirming judgment of magistrate.

*Mr. J. W. Vincent,* for appellant.

*Mr. J. W. Manuel,* contra.

March 14, 1913. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. Plaintiff shipped some household goods over defendant's road. They were delayed and damaged in transit. As defendant had no agent at the station of destination of the goods, plaintiff filed a claim with defendant's agent at the nearest station for $85.25 for the damages done to the goods. Defendant failed to pay the claim within thirty days after the filing thereof. Thereupon, plaintiff brought an action in the Court of Common Pleas against defendant for $500, damages for the delay, $200 damages to the goods, and $40 statutory penalties for the delay. The jury found a verdict for $90.25 in favor of plaintiff, and judgment was entered thereon.

Thereafter, plaintiff brought this action in the court of a magistrate to recover $50, the penalty provided by statute

for failure to pay the claim for damages, which she had filed, within thirty days after filing thereof. The magistrate gave judgment for defendant. Plaintiff appealed, and the magistrate reported that he gave judgment for defendant, because plaintiff did not file her claim with the defendant's agent at the point of destination,—a ground which was erroneous, as the statute (Civ. Code 1912, sec. 2573) provides that, when there is no agent at the point of destination, the claim may be filed with the nearest agent to such point.

On hearing the appeal, the Circuit Court affirmed the judgment, without assigning any reasons therefor. As the Circuit Court is required to give judgment, in such cases, according to the justice of the case, without regard to technical errors and defects, which do not affect the merits (Code Proc., sec. 407), and, as the record does not disclose the grounds upon which the Court rendered its judgment, we must assume that it was rested upon some sound and meritorious ground, and sustain it, if the record discloses any such ground.

There are two substantial grounds upon which the Court below could have rendered judgment for the defendant. The burden was upon plaintiff to prove that she recovered "the full amount claimed," that is, the full amount for which she filed her claim, before she was entitled to recover the penalty. The purpose of the statute in so providing was to prevent the filing of fictitious or exhorbitant claims and compelling the carriers to pay or refuse to pay them at the peril of being penalized, if the claimant should afterwards recover any part of the claim. While plaintiff did prove that she recovered more in amount than the amount of the claim she filed, yet there is no evidence that the recovery was upon the same claim that she had filed, or for the same cause of action. If she had brought the action only for damages to her goods, and had recovered even more than the amount for which she had filed her claim, she would have been entitled to recover the

penalty. It would have made no difference that she afterwards sued for and recovered more than she demanded in the claim filed; for she may have been willing, in making out that claim, to forego some part of the damages which she had sustained as an inducement to defendant to make prompt settlement of the claim. But when defendant refused to settle and she was compelled to sue, then she had the right to sue for and recover the full amount of damage to her goods, and if she had recovered only for the damage to her goods, then her right to recover the penalty would have been established. But, as she sued for damages for the delay and the penalties for the delay, as well as for the damage to her goods, and, as the verdict was general, for $90.25, we cannot say but that all of it was for the delay or for the statutory penalties for the delay, or at least enough of it to reduce it below the amount for which she had filed claim. In either event, she could not recover the penalty.

Moreover, the statute provides "that no such claim shall be filed until after the arrival of the shipment, or some part thereof, at the point of destination, or until after the lapse of a reasonable time for the arrival thereof." There is no evidence that, when the claim was filed, the shipment or some part of it had arrived at destinatiton, or that a reasonable time for the arrival thereof had elapsed. In fact, so far as the record shows, the claim was filed September 2, 1908, while the goods were not shipped until September 22, 1908. Doubtless this is a typographical error, but if counsel will not take the time and trouble to prepare corrected records for the Court, they must expect to take the consequences.

Affirmed.