## 9614

### BAGNAL v. SOUTHERN EXPRESS CO.

#### (91 S. E. 334.)

APPEAL AND ERROR—REVIEW—PRESUMPTION—APPEAL FROM INTERMEDIATE COURT.—In view of Code Civ. Proc., sec. 407, relative to appeals to Circuit Court, which provides that upon hearing the appeal the Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits, and that the Court may affirm or reverse the judgment of the Court below in whole or in part and as to any or all of the parties as to errors of law or fact, in an action to recover the alleged value of merchandise and for the penalty for failure of defendant express company to pay the claim within the time required by law, where the testimony was sufficient to sustain the judgment of the magistrate's Court for the plaintiff, and it was affirmed on appeal to the Circuit Court, the Supreme Court will assume that the Circuit Court affirmed the judgment on the merits, where it does not appear that the affirmance was controlled or affected by errors of law.

Before SHIPP, J., Sumter, Fall term, 1915.    Affirmed.

Action by J. M. Bagnal against the Southern Express Company. Judgment for plaintiff in the magistrate's Court, which was affirmed on appeal by the Circuit Court, and defendant appeals.

The defendant's exceptions here follow:

His Honor, the Circuit Judge, erred, it is respectfully submitted:

(1) In not reversing the said magistrate, who charged that the provisions of sections 2598 and 2599 of volume I of the Code of 1912, which he referred to as "the warehouseman law," was the law of this case, without qualification, and stated to the jury immediately after so charging, "It is for you to say whether or not the Southern Express Company absolved itself of liability." For this charge led the jury to believe that unless the defendant made or attempted to make a sale of the goods, as set forth in the aforesaid sections of the Code, it would be absolutely liable for the destruction of the goods, even if this was due to their decaying before they could be delivered, and in the absence of any fault or negligence of its own. Whereas, sections 2598 and 2599 of volume I of the Code are not only by their express terms applicable only to public warehousemen and also shown by their wording to be clearly permissive and not mandatory, but are clearly repealed, in so far as they could apply to common carriers—if they were ever intended to apply to them—by No. 88 of the Statutes at Large of 1913, which makes it clearly permissible and not mandatory for the carrier to sell uncalled for, perishable goods, and which could not possibly be interpreted as forcing the carrier to go through the form of attempting to sell a box of rotten peaches in order to shield itself from absolute liability for their destruction. This statute was in full force at the time that the goods sued for in this action were received by the Southern Express Company.

(2) In not reversing the said magistrate, who modified the defendant's first request to charge, which charge was as follows: "If the jury believes from the evidence that this shipment was transported to the defendant's warehouse, in safety, at Sumter, S. C., and the defendant made reasonable efforts to ascertain the particular residence of the plaintiff and the consignee could not be found, and by reason of such nondelivery the goods perished, being fruit that was perishable, then I charge you that the plaintiff cannot recover. in this case." *North Penn. R. Co.* v. *Commercial Bank of Chicago,* 123 U. S. 727, 8 Sup. Ct. 266, 31 L. Ed. 287; 7 A. and E. Ency. of Law, p. 545; *W. H. Baker* v. *W. U. Tel. Co.,* 87 S. C. 174, 69 S. E. 151. The modification being as follows: "And they followed the statute." Whereas, the request stated a sound proposition of law applicable to the facts of the case, and it was clearly error to limit its application by adding a charge as to a statute which, as pointed out in the first exception, could have no application at all to this case and certainly no such effect as the magistrate's charge would have given it.

(3) In not reversing the said magistrate, who refused to charge the defendant's sixth request to charge, which was as follows: "I charge you it was not incumbent on the defendant to go through a form of sale, if when defendant's agent opened the box the contents were decayed or worthless, if you believe he did open the box and found such condition." Whereas, he should have charged same, as all the evidence in the case (without contradictions) showed that the fruit was rotten on the third day and the same, being worthless, could not be sold.

(4) In affirming the judgment of the said magistrate merely upon the ground that it appeared in the testimony that the "plaintiff had several times received shipments through the defendant company." Whereas, there was not a word of testimony in the case to the effect that the shipments referred to had been received at the same address at

which the plaintiff resided at the time the shipment sued for reached Sumter, or that the said shipment had not been fully addressed as to street and number. And without testimony on both these points testimony merely to the effect that shipments had been received before by the plaintiff through the defendant was entirely valueless as a basis for the inference that in the case at bar the defendant had been blameworthy in not delivering this shipment before the fruit it contained had time to spoil.

*Messrs. Mark Reynolds* and *B. D. Hodges,* for appellant, cite: *As to warehousemen:* Civil Code, secs. 2598, 2599; *Ib.* 2610 to 2613; 40 Cyc. 400; 17 Ga. 721; 6 Cyc. 380.

*Messrs. L. D. Jennings* and *R. D. Epps,* for respondent, cite: 76 S. C. 13:; Hutch. Carriers (3d ed.) 787; 6 Cyc. 510; 87 S. C. 206.

February 10, 1917.

The opinion of the Court was delivered by Mr. Chief Justice Gary.

This action was commenced in a magistrate's Court to recover the sum of $1, the alleged value of a box of peaches, shipped from a station in Clarendon county to the plaintiff at Sumter, S. C., and for the penalty of $50, for failure to pay the claim within the time required by law. The address on the box did not contain the number of the street upon which the plaintiff resided. The same person, however, who shipped the peaches in question, had, on several previous occasions, shipped boxes of peaches to the plaintiff similarly addressed, and they were delivered without delay. The box arrived at Sumter on Saturday morning of the 4th of July, but the 4th of July was not observed until Monday the 6th. Mrs. Adams, the daughter of the

plaintiff; testified that on Tuesday morning, between 10 and 11 o'clock, she telephoned the express office and asked if any peaches were there for Mr. Bagnal, and was told by the man who answered (who she thinks gave the name of Dickinson) that some had come Saturday morning, that a notice had been sent, and that they had been thrown out Monday morning because of decay. Mrs. Adams was recalled, and testified that she called at the postoffice on Tuesday morning for mail; that the plaintiff's mail had been coming with hers, and had been received by him at her residence, both before and at the time in question, addressed like the card put in evidence, and that, when she called on Tuesday, the card was not delivered to her. There was no testimony tending to show that the plaintiff received any notice prior to the time when his daughter telephoned to the express company.

The following postal card was introduced in evidence:

Post Card Notice.

[Address side:] Unclaimed—J. M. Bagnal,

Sumter, S. C.

[Reverse side:] Office of Southern Express Company (Incorporated),

Sumter, State of S C., 7—4—1914.

J. M. Bagnal: We have received to your address by C. O. D. $— Express charges, $.25, which please call and receive, presenting this card. After this notice the goods are held at your risk.          Southern Express Co., by B.

This card bears a postmark dated July 6th, at 4 p. m., and stamped, almost directly over this, another postmark, dated July 7th, at 6 p. m.. It is agreed that the original be exhibited to the Supreme Court. The reason the original was exhibited to the Supreme Court was to enable it to ascertain whether the date thereof had been changed.

The jury rendered a verdict in favor of the plaintiff for $1, the value of the peaches, and $50 penalty; and the defendant appealed to the Circuit Court. On hearing the

appeal, his Honor, Judge Shipp, made the following order:

"I have read the entire record herein, and I am satisfied substantial justice has been done, and that judgment of the magistrate should be and is hereby affirmed.

"It appears in testimony that plaintiff had several times received shipments through the defendant company. The company must deliver perishable goods, if necessary, on Sunday or a legal holiday, if reasonable diligence requires it."

The defendant appealed to this Court upon exceptions, which will be reported.

Section 407 of the Code, relative to appeals to the Circuit Court, provides that:

"Upon hearing the appeal, the appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. In giving judgment, the Court may affirm or reverse the judgment of the Court below, in whole or in part, and as to any or all the parties, and·for errors of law or fact."

In the case of *Stanford* v. *Cudd,* 93 S. C. 367, 76 S. E. 986, it was held that, where.the testimony is sufficient to sustain a judgment of the magistrate's Court, and it is affirmed on appeal to the Circuit Court, this Court will assume that the Circuit Court affirmed the judgment on the merits, in the absence of facts showing that the affirmance was controlled or affected by errors of law. The language of the Court in that case was as follows:

"In obedience to the statute (section 407 of the Code), the Circuit Court might have concluded that the magistrate erred in refusing some or all of the defendant's requests, or in admitting some or all of the testimony objected to by defendant; but the Court might have thought, upon consideration of the case on the merits, that, notwithstanding such errors, the plaintiff was entitled to judgment; and as there was evidence which would have warranted such a con-

clusion, and as we cannot say that the judgment was affected or controlled by any error of law, it must be affirmed."

The rule is thus stated in *Price* v. *Railway,* 93 S. C. 576, 77 S. E. 703:

"As the Circuit Court is required to give judgment, in such cases, according to the justice of the case, without regard to technical errors and defects which do not affect the merits (Code Proc., sec. 407), and as the record .does not disclose the grounds upon which the Court rendered its judgment, we must assume that it was rested upon some sound and meritorious ground, and sustain it, if the record discloses any such ground."

Those authorities are conclusive of this case. There is nothing in the record showing that his Honor, the Circuit Judge, based his conclusion upon any of the propositions of law which the appellant's attorneys contend are erroneous; and the judgment of the Circuit Court is shown by the testimony to rest upon sound and meritorious grounds.

Affirmed.