0155

Mary Sue BURNS, Respondent, v. Robert L. WANNAMAKER, D.D.S., Appellant.

(315 S. E. (2d) 179)

Court of Appeals

*John L. Choate,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*Carlos Gibbons,* of *Kneece, Kneece, Freeman, Willoughby & Ashley,* Columbia, *for respondent.*

*Heyward E. McDonald, Mary Lowndes Bryan, Rogers, McDonald, McKenzie, Fuller & Rubin,* Columbia, *for amicus curiae The South Carolina Dental Ass'n.*

Heard Jan. 30, 1984.

Decided April 16, 1984.

GOOLSBY, Judge.

This appeal concerns an express pretreatment warranty allegedly given by a dentist. We affirm the Circuit Court to the extent that it found that an express pretreatment war-

ranty to effect a particular result can be extended in South Carolina by a dentist; however, we reverse the Circuit Court's conclusion that the evidence was sufficient to support the magistrate's finding of fact that the appellant Robert L. Wannamaker, a dentist, gave and breached an express warranty as to the manufacture and fit of dentures purchased from him by the respondent Mary Sue Burns and we remand the issue for determination in accordance with Section 18-7-170 of the South Carolina Code of Laws, 1976.

Mrs. Burns brought an action against Dr. Wannamaker in the Magistrate's Court and alleged claims involving, among other things, a breach of contract and a breach of an express pre-treatment warranty. The magistrate found that Dr. Wannamaker breached a contract and an express warranty as to the manufacture and fit of the dentures sold Mrs. Burns. Judgment was entered in her favor in the amount of $550, and Dr. Wannamaker appealed to the Circuit Court.

The Circuit Court held that South Carolina would recognize a cause of action based upon breach of an express pre-treatment warranty to achieve a specific result given by a dentist. It also concluded that the evidence in the record supported the magistrate's findings of fact as to the breach of an express pre-treatment warranty. In affirming the judgment, the Circuit Court reduced the amount of recovery to the price paid by Mrs. Burns for her dentures and to court costs. Dr. Wannamaker appealed to this court asserting that South Carolina does not recognize a common law action for breach of an express warranty given by a dentist and that, in any event, the evidence does not reasonably support, as the Circuit Court held, the finding of fact by the magistrate that an express pre-treatment warranty was given by Dr. Wannamaker.

I.

Although there are no cases in South Carolina which address the issue of whether a dentist may enlarge his responsibilities and contract to fulfill specific assurances, we know of no reason why he should not be allowed to do so. *See Preston v. Thompson,* 53 N. C. App. 290, 280 S. E. (2d) 780, 781 (1981), *cert. denied* and *appeal dismissed,* 304 N. C. 392, 285 S. E. (2d) 833 (1981). A dentist should be as free as any other person who offers to perform skilled services to

contract as he sees fit. If a dentist chooses, he should be able to warrant the results of his treatment. *Guilmet v. Campbell,* 385 Mich. 57, 188 N.W. (2d) 601, 43 A.L.R. (3d) 1194 (1971). Indeed, it appears well settled elsewhere that a physician or other healer may bind himself by an express contract to obtain specific results by either treatment or an operation. *See,* 61 Am. Jur. (2d) *Physicians, Surgeons, and Other Healers* § 161 at 292-93 (1981).

Some courts hold, however, that liability against a practitioner based upon a breach of an express warranty requires proof of payment by the patient of a consideration separate from the consideration paid for the practitioner's normal undertaking to use due care and skill. *See, e.g., Dorney v. Harris,* 482 F. Supp. 323, 324 (D. Colo. 1980); *Coleman v. Garrison,* 349 A. (2d) 8 (Del. 1975); *Rogala v. Silva,* 16 Ill. App. (3d) 63, 305 N. E. (2d) 571, 573 (1973); 61 Am. Jur. (2d) *Physicians, Surgeons, and Other Healers,* § 161 at 293 (1981); Annot., 43 A.L.R. (3d) 1221 at 1233 (1972). Other courts do not require a separate consideration where the warranty is made prior to treatment and is given to induce the patient to consent to treatment. *See, e.g., Scarzella v. Saxon,* 436 A. (2d) 358, 362 (D.C. App. 1981); *Cirafici v. Goffen,* 85 Ill. App. (3d) 1102, 41 Ill. Dec. 135, 138-39, 407 N. E. (2d) 633, 636-37 (1980); *Depenbrok v. Kaiser Foundation Health Plan,* 79 Cal. App. (3d) 167, 144 Cal. Rptr. 724, 726 (1978); *Sard v. Hardy,* 281 Md. 432, 379 A. (2d) 1014, 1026 (1977); 61 Am. Jur. (2d) *Physicians, Surgeons, and Other Healers* § 161 at 294 (1981); Annot., *supra,* n. 12 at 1233. We agree with the latter view.

While we adopt the rule that a patient may recover for breach of an express pre-treatment warranty to effect a particular result despite the absence of a separate consideration, we hold that the patient must prove the existence of the alleged warranty by clear and convincing evidence. *Scarzella v. Saxon, supra* at 362; *Sard v. Hardy, supra,* 379 A. (2d) at 1027; *Sullivan v. O'Connor,* 363 Mass. 579, 296 N. E. (2d) 183, 186 (1973). Our reasons for insisting upon a higher degree of proof as to the existence of an express pre-treatment warranty were best explained by the Supreme Judicial Court of Massachusetts in the last cited case as follows:

Considering the uncertainties of medical science and the variations in the physical and psychological conditions of individual patients, doctors can seldom in good faith promise specific results. Therefore it is unlikely that physicians of even average integrity will in fact make such promises. Statements of opinion by the physician with some optimistic coloring are a different thing, and may indeed have therapeutic value. But patients may transform such statements into firm promises in their own minds, especially when they have been disappointed in the event, and testify in that sense to sympathetic juries. If actions for breach of promise can be readily maintained, doctors , so it is said, will be frightened into practicing "defensive medicine." On the other hand, if these actions were outlawed, leaving only the possibility of suits for malpractice, there is fear that the public might be exposed to the enticement of charlatans, and confidence in the profession might ultimately be shaken. See Miller, The Contractual Liability of Physicians and Surgeons, 1953 [Wash. U.L.Q.] 413, 416-423. [Footnote omitted.]

## II.

Because the Circuit Court applied the wrong standard of review to the magistrate's judgment, we will not address the question of whether the Circuit Court erred in concluding that there was sufficient evidence in the record to support the magistrate's finding of fact concerning the existence of an express pre-treatment warranty.

The Circuit Court's order affirming the magistrate's judgment improperly treats the exceptions made by Dr. Wannamaker. The Circuit Court simply affirmed the magistrate's findings of fact and cited the case of *Townes Associates Ltd. v. City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976), as authority for the proposition that a magistrate's findings of fact in an action at law "will not be disturbed upon appeal unless found to be without evidence which reasonably supports the [magistrate's] findings." The *Townes* case, however, sets out the scope of review available in the Supreme Court upon appeal in civil cases. It does not touch upon review standards to be employed by the Circuit Court when entertaining civil appeals.

■ The standard of review to be applied by a Circuit Court in an appeal of a magistrate's judgment is prescribed by Section 18-7-170 of the South Carolina Code of Laws, 1976. *Viz.:*

Upon hearing the appeal the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. In giving judgment the court may affirm or reverse the judgment of the court below, in whole or in part, as to any or all the parties and for errors of law or fact.

As is readily apparent, Section 18-7-170 confers authority upon the Circuit Court to reverse a magistrate's findings of fact when exercising appellate jurisdiction in an appeal from a magistrate's judgment. *See Dingle v. Northwestern R. Co.,* 112 S. C. 390, 99 S. E. (2d) 828 (1919); *Redfearn v. Douglass,* 35 S. C. 569, 15 S. E. 244 (1892); *cf. Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp.,* S. C., 312 S. E. (2d) 20 (App. 1984) (where the Circuit Court reversed a magistrate's findings of fact in an ejectment action).

■■ While the Court of Appeals will presume that an affirmance by a Circuit Court of a magistrate's judgment was made upon the merits where the testimony is sufficient to sustain the judgment of the magistrate and there are no facts that show the affirmance was influenced by an error of law [*Bagnal v. Southern Express Co.,* 106 S. C. 395, 400, 91 S. E. 334, 335-36 (1917); *Stanford v. Cudd,* 93 S. C. 367, 369-70, 76 S. E. 986, 986-87 (1913); *see* 5B C.J.S. *Appeal & Error* § 1817 at 152-53, (1958) ], this court will not grant that presumption where, as here, it clearly appears that the Circuit Court applied an erroneous standard of review and failed to accord the contested facts the scrutiny which Section 18-7-170 contemplates. *See* 5B C.J.A. *Appeal & Error* § 1808 at 146 (1958).

We therefore reverse the Circuit Court's holding that the evidence before the magistrate reasonably supports his finding that Dr. Wannamaker gave an express pre-treatment warranty and remand the case for determination of Dr. Wannamaker's exceptions in accordance with Section 18-7-170. In determining whether Dr. Wannamaker gave an express war-

ranty to achieve a particular result, the Circuit Court is to apply the rule we adopt today regarding proof of such a warranty.

Affirmed in part, reversed in part, and remanded.

GARDNER and CURETON, JJ., concur.