THE STATE OF SOUTH CAROLINA

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patrick and Vivian Henry Appellants,
v.
Michael Tucker Respondent.
 
 
 

Appeal From Anderson County
J. Cordell Maddox, Jr., Circuit Court Judge

Unpublished Opinion No. 2007-UP-107
Submitted March 1, 2007  Filed March 6, 2007

AFFIRMED

 
 
 
Patrick and Vivian Henry, of Salem, Pro Se, for Appellants.
David J. Brousseau, of Anderson, for Respondent.
 
 
 

PER CURIAM:   Patrick and Vivian Henry appeal the circuit courts order upholding the decision of the magistrates court.  We affirm.[1]
FACTS
This matter involves a contract dispute between landowners Patrick and Vivian Henry (hereinafter collectively referred to as Henry) and landscaper Michael Tucker.  As a result of their disagreement, Henry brought suit against Tucker in the Anderson County Magistrates Court for breach of contract and breach of warranty.  Tucker counterclaimed, alleging fraud, constructive fraud, and unjust enrichment.  
In his original decision, the magistrate found Tucker had breached the warranty on his work and awarded Henry $2,694.00 in damages.  However, the court found Henry had attempted to rely on his own oral modifications to the original contract, and based upon that, as well as the equitable theory of unjust enrichment, found Tucker was entitled to damages from Henry in the amount of $2,612.00.  The magistrate found Tucker suffered additional damages of $82.00 as a result of delays Henry had caused.  This ultimately resulted in what the magistrate referred to as a wash, with neither party owing further compensation to the other. 
After the magistrate rendered his decision, Tucker asked that the court reconsider its decision.  Although never phrasing his request as a Motion for Reconsideration, Tucker stated: May I just bring a point, your Honor, just by way of the Courts ruling, and noted that although the court found Henry caused the project to be delayed, the magistrate failed to adequately assess the damages caused by the delays.  Henry filed a written motion to reconsider, arguing the court had not properly considered the damages caused by Tuckers failure to adhere to the contracts requirements.  After holding a hearing on these issues, the court agreed with both movants, and the relevant damages were reassessed.  However, the ultimate result was the same, with neither party receiving a monetary award as a result of set-off. 
Henry appealed to the circuit court.  The circuit court judge affirmed the magistrates decision.
DISCUSSION
The standard of review to be applied by a circuit court in an appeal from a magistrates judgment is prescribed by the South Carolina Code:

Upon hearing the appeal the appellate court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits. In giving judgment the court may affirm or reverse the judgment of the court below, in whole or in part, as to any or all the parties and for errors of law or fact.

S.C. Code Ann. § 18-7-170 (1985).  This standard, and the standard applicable to this court when reviewing the circuit courts decision, were discussed extensively in Hadfield v. Gilchrist, 343 S.C. 88, 92-94, 538 S.E.2d 268, 270-71 (Ct. App. 2000):

In Burns v. Wannamaker, 281 S.C. 352, 315 S.E.2d 179 (Ct.App.1984), this Court amplified:
 
As is readily apparent, Section 18-7-170 confers authority upon the Circuit Court to reverse a magistrates findings of fact when exercising appellate jurisdiction in an appeal from a magistrates judgment. See Dingle v. Northwestern R. Co., 112 S.C. 390, 99 S.E. 828 (1919); Redfearn v. Douglass, 35 S.C. 569, 15 S.E. 244 (1892); cf. Vacation Time of Hilton Head Island, Inc. v. Kiwi Corp., [280 S.C. 232], 312 S.E.2d 20 (Ct. App. 1984) (where the Circuit Court reversed a magistrate's findings of fact in an ejectment action).
 
Burns, 281 S.C. at 357, 315 S.E.2d at 182.
While the Circuit Court maintains a broad scope of review, our standard is more limited:
 
[T]he Court of Appeals will presume that an affirmance by a Circuit Court of a magistrates judgment was made upon the merits where the testimony is sufficient to sustain the judgment of the magistrate and there are no facts that show the affirmance was influenced by an error of law [Bagnal v. Southern Express Co., 106 S.C. 395, 400, 91 S.E. 334, 335-36 (1917); Stanford v. Cudd, 93 S.C. 367, 369-70, 76 S.E. 986, 986-87 (1913); see 5B C.J.S. Appeal & Error § 1817 at 152-53 (1958)] . . . .
 
Burns, 281 S.C. at 357, 315 S.E.2d at 182. Our Supreme Court, in Stanford v. Cudd, 93 S.C. 367, 76 S.E. 986 (1913), held that where the testimony is sufficient to sustain a judgment of the magistrates court, and it is affirmed on appeal to the Circuit Court, this Court will assume the Circuit Court affirmed the judgment on the merits, in the absence of facts showing the affirmance was controlled or affected by errors of law. The Court enunciated:
 
In obedience to the statute [S.C. Code Ann. § 18-7-170], the circuit court might have concluded that the magistrate erred in refusing some or all of the defendants requests, or in admitting some or all of the testimony objected to by defendant, but the court might have thought, upon consideration of the case on the merits, that, notwithstanding such errors, the plaintiff was entitled to judgment; and as there was evidence which would have warranted such a conclusion, and as we cannot say that the judgment was affected or controlled by any error of law, it must be affirmed.
 
Stanford, 93 S.C. at 370, 76 S.E. at 987.
The rule is articulated in Price v. Charleston & W.C. Ry., 93 S.C. 576, 77 S.E. 703 (1913):
 
As the circuit court is required to give judgment, in such cases, according to the justice of the case, without regard to technical errors and defects, which do not affect the merits [S.C. Code Ann. § 18-7-170], and as the record does not disclose the grounds upon which the court rendered its judgment, we must assume that it was rested upon some sound and meritorious ground, and sustain it, if the record discloses any such ground.
 
Price, 93 S.C. at 578, 77 S.E. at 703.

In his appeal to this court, Henry cites a number of issues for which he believes the evidence presented before the magistrate was insufficient to sustain the courts factual findings.  We disagree.  
In an action at law, on appeal of a case tried without a jury, the findings of fact of the judge will not be disturbed unless found to be without evidence which reasonably supports the judges findings.  Townes Associates, Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).   Unless we find an error of law, we will affirm the judges holding if there are any facts supporting his decision.  Hadfield, 343 S.C at 94, 538 S.E.2d at 271.  With each of the issues he cites, Henry fails to point out any errors of law that occurred during the trial.  Furthermore, the record is far from devoid of evidence to support the magistrates decision.  The circuit court correctly affirmed the decision of the magistrate, who was in the best position to judge the credibility of the testimony and evidence presented.
Henry avers the decision should be reversed because Tucker failed to formally reference his argument at the close of trial as a motion to reconsider.  Again, we disagree.  
This argument is precisely what S.C. Code 18-7-170 was intended to avoid.  Technical rules of procedure are not applicable in magistrates court.  Wimberly v. Shorter, 204, S.C. 558, 30 S.E.2d 593, 594 (1944).  In the magistrates court, pleadings, except as otherwise provided, may be oral or written, and may be in any particular form so long as they enable a person of common understanding to know what is intended.  S.C. Code Ann. § 22-3-190 (1989).  
At the close of the trial, Tucker orally moved that the magistrate reconsider his ruling on the basis that the court had not assigned the appropriate monetary value to the delays Henry had caused.  Although Tuckers trial counsel did not specifically use the technical words motion to reconsider, it is apparent that Tucker was requesting the magistrate reconsider this issue when rendering his decision.  
Henry subsequently filed a written motion to reconsider the magistrates decision.  At the motion hearing, the magistrate allowed Tucker to argue the issue regarding the appropriate valuation of damages resulting from Henrys delays.  The court specifically found that Tuckers trial counsel had presented this issue for argument at the close of trial and was treating the same as a motion to reconsider.  There was no error in finding Henry had moved for reconsideration.
CONCLUSION 
Accordingly, the decision of the circuit court is
AFFIRMED.
ANDERSON, KITTREDGE, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.