THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.

 
 
 
 THE STATE OF SOUTH CAROLINA
 In The Court of Appeals
 Kim Jackson, Respondent,
 v.
 Rooms To Go
 Furniture, Appellant.
 
 
 

Appeal From Greenville County
G. Edward Welmaker, Circuit Court Judge
Unpublished Opinion No.  2008-UP-434
Submitted June 1, 2008  Filed August 4,
 2008
AFFIRMED 

 
 
 
 Kevin M. Elwell, of Greenville, for Appellant.
 Kim Jackson, of Simpsonville, for Respondent.
 
 
 

PER CURIAM:    Rooms
 To Go Furniture (Rooms To Go) appeals the circuit courts order affirming the
 magistrates order, which awarded Kim Jackson (Jackson) damages.  We affirm.[1]
FACTS
Jackson purchased a living room set from Rooms To Go and had it delivered to her newly-built
 condominium, where her two children lived while they were in college.[2]  Jackson was not at the home when the
 furniture was delivered; however, her twenty-year-old son was present.  The son
 signed off on the delivery, indicating there was no damage.  The daughter testified
 she came home after the furniture was delivered and discovered the delivery men
 had damaged part of a wall and snagged the carpet.  The daughter then called Jackson to tell her about the damage.  Jackson called Rooms To Go and spoke with a claims
 manager, Janine Murphy.[3] 
 Jackson requested Rooms To Go repair the damage to her home.  In the meantime,
 Jackson hired her own painter to repaint the walls in her living room.  At
 trial, she testified she thought it cost $600 to repaint the living room.  She
 also testified she thought it would cost about $1,800 to $2,000 to replace the
 carpet.
Jackson and Murphy were unable to resolve the issue after numerous
 exchanges, and thus, Jackson filed an action in magistrate court on May 3, 2006. 
 After a non-jury trial in which Jackson represented herself, the magistrate ruled
 in Jacksons favor, awarding her $2,500 in damages and $80 in costs.  Rooms To
 Go appealed to the circuit court on December 20, 2006.  On March 29, 2007,
 after a hearing that Jackson did not attend, the court affirmed the
 magistrates order without any specific findings.  This appeal followed.  
STANDARD OF REVIEW
The standard of review to be applied by a circuit court
 in an appeal of a magistrates judgment is prescribed by section 18-7-170 of
 the South Carolina Code:

 Upon
 hearing the appeal the appellate court shall give judgment according to the
 justice of the case, without regard to technical errors and defects which do
 not affect the merits. In giving judgment the court may affirm or reverse the
 judgment of the court below, in whole or in part, as to any or all the parties
 and for errors of law or fact.

S.C. Code Ann. § 18-7-170 (1985); see also Hadfield v. Gilchrist, 343 S.C. 88, 92-93, 538 S.E.2d
 268, 270 (Ct. App. 2000); Burns v. Wannamaker, 281 S.C. 352, 357, 315
 S.E.2d 179, 182 (Ct. App. 1984).  
While
 the circuit court maintains a broad scope of review, our standard is more limited:

 [T]he
 Court of Appeals will presume that an affirmance by a Circuit Court of a
 magistrates judgment was made upon the merits where the testimony is
 sufficient to sustain the judgment of the magistrate and there are no facts
 that show the affirmance was influenced by an error of law.

Burns, 281 S.C. at 357, 315 S.E.2d at 182; see also Price
 v. Charleston & W.C. Ry. Co., 93 S.C. 576, 578, 77 S.E. 703, 703
 (1913); Stanford v. Cudd, 93 S.C. 367, 370, 76 S.E. 986, 987 (1913).  Unless
 we find an error of law, we will affirm the judges holding if there are any
 facts supporting his decision.  Hadfield, 343 S.C. at 94, 538 S.E.2d at
 271.
LAW / ANALYSIS
I.  Hearsay
Rooms
 To Go argues the circuit court erred by failing to reverse the magistrates
 judgment because the magistrate allowed Jackson to refer to written estimates
 of her damages, which Rooms To Go contends was inadmissible hearsay.  We
 disagree.[4]  
The
 court did not allow Jackson to enter the estimates into evidence; however, it
 did allow her to state how much she thought it would cost to repaint the walls
 and replace the carpet.  It is the well-settled law of this state that an
 owner may testify as to the value of damaged real and personal property.  Waites
 v. S.C. Windstorm & Hail Underwriting Assocs., 279 S.C. 362, 366, 307
 S.E.2d 223, 225 (1983); see also Nelson v. Coleman Co., 249 S.C.
 652, 659-60, 155 S.E.2d 917, 921 (1967); Howell v. State Hwy. Dept, 167
 S.C. 217, 225, 166 S.E.2d 129, 132 (1932). 
Therefore,
 we find the circuit court did not err in allowing Jackson to testify to the
 value of her damaged property.   
II.  Incorrect Party
Rooms
 To Go argues the magistrate erred by ruling against it because Rooms To Go did
 not have a contract with Jackson.  Specifically, Rooms To Go argues it contracts
 with Southeast to deliver its furniture, thus the action should have been
 brought against Southeast instead of Rooms To Go because Southeast delivered Jacksons furniture.  We disagree.
The
 necessary elements of a contract are an offer, acceptance, and valuable
 consideration.  Sauner v. Pub. Serv. Auth. of S.C., 354 S.C. 397, 406,
 581 S.E.2d 161, 166 (2003).  At trial, Jackson presented evidence she had a
 contract with Rooms To Go, not Southeast.  Jackson testified she paid Rooms To
 Go to deliver the furniture because Rooms To Go would not allow her to pick up
 the furniture herself.  Jackson was not aware a third party would be delivering
 her furniture.  Rooms To Go did not present any evidence otherwise.  Also,
 Murphy, the claims manager for Southeast, and the deliveryman testified
 Southeast only makes deliveries for Rooms To Go.
Thus,
 we find the magistrate did not err by ruling against Rooms To Go because Jackson contracted with Rooms To Go to deliver her furniture, not Southeast. 
CONCLUSION
Therefore,
 the order of the circuit court is  
AFFIRMED.
HEARN,
 C.J., and SHORT and KONDUROS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  Jackson testified she paid Rooms To Go to deliver the
 furniture because Rooms To Go would not allow her to pick up the furniture
 herself.  Jackson was not aware a third party would be delivering her
 furniture.  
[3]  Jackson testified she called the Rooms To Go 1-800
 number to report the damage to her house; however, she spoke with Murphy, who
 later testified she worked for Southeast Independent Delivery Services, Inc.
 (Southeast) as a claims manager.
[4]  Jackson did
 not file a respondents brief.  The South Carolina Appellate Court Rules
 provide that [u]pon the failure of respondent to timely file a brief, the
 appellate court may take such action as it deems proper.  Rule 208(a)(4),
 SCACR.