8388

FRASER v. ATLANTIC COAST LINE R. R. CO.

1. MAGISTRATE COURT.—ON APPEAL from judgment in Circuit Court on
   appeal from magistrate court, issues of fact here are legal in their
   nature and are not reviewable here.

2. APPEAL.—Reference in the Circuit order to contributory negligence
   is merely a statement of the ground on which magistrate based his
   judgment and not that defendant could not prove contributory neg-
   ligence without pleading.

3. ON APPEAL FROM MAGISTRATE'S JUDGMENT the appellate court shall
   give judgment according to the justice of the case without regard
   to technical errors or defects.

Before MEMMINGER, J., Colleton, Summer term, 1912.
Affirmed.

Action by James Fraser against Atlantic Coast Line Rail-
road Company in the court of magistrate J. E. Bryan. From
Circuit order reversing judgment of magistrate, defendant
appeals.

*Messrs. Peurifoy Bros.,* for appellant.    No citations.

*Messrs. Padgett, LeMacks & Moorer,* contra, cite : *Excep-
tion one cannot be considered:* 83 S. C. 213 ; 70 S. C. 216,
555 ; 71 S. C. 411 ; 62 S. C. 408 ; 70 S. C. 180 ; 45 S. C. 496 ;
35 S. C. 509.   *Circuit Court has full control over magis-
trate case:* 80 S. C. 524 ; 92 S. C. 309.

December 9, 1912.   The opinion of the Court was deliv-
ered by

MR. CHIEF JUSTICE GARY.    This is an appeal from an
order in which his Honor, the Circuit Judge, thus states the
facts :

"This cause was heard on appeal from the magistrate's
court, where judgment was in favor of the defendant.   The

defendant's train killed an ox or bull belonging to plaintiff, and was sued by the plaintiff, for forty dollars damages therefor.

"The defendant admitted the killing at the trial, and attempted to remove the presumption of negligence arising, and the direct proof of negligence which was submitted on behalf of plaintiff. This the defendant failed to do. The magistrate in his report based his finding on the fact, that plaintiff had contributed to his injury. The defense was a general denial and contributory negligence was not pleaded by the defendant.

"After a review of the pleadings and testimony, I am satisfied that the magistrate was in error, and that the judgment should have been in favor of the plaintiff, in the sum of forty dollars and his costs.

. "It is ordered that the judgment in favor of the defendant be reversed, and that the plaintiff have judgment against the defendant, in the sum of forty dollars and his costs."

The defendant appealed upon the following exceptions:

1. "Because the presiding Judge erred in reversing the magistrate, and ordering judgment against the defendant, the evidence of defendant having overcome the presumption of negligence, arising from the proof of the killing, and the direct proof of negligence, submitted on behalf of the plaintiff.

2. "Because the Circuit Judge erred in holding and deciding, that the magistrate was in error, in basing his finding upon the fact, that the plaintiff contributed to the killing, and in holding that defendant could not prove contributory negligence, the same not having been pleaded.

3. "Because the Circuit Judge abused his discretion, in ordering judgment for the plaintiff, and in not remanding the case for a new trial, the testimony being conflicting.

4. "Because the Circuit Judge was in error in holding and deciding, that the magistrate could not base his finding upon

the contributory negligence of the plaintiff, this not being one of the grounds of the plaintiff's appeal."

The first exception cannot be sustained, for the reason that the issues of fact, are legal in nature and, therefore, not reviewable by this Court.

The second and fourth exceptions must be overruled, for the reason that the Circuit Judge's reference to contributory negligence, was merely for the purpose of stating the ground, upon which the magistrate rendered his decision, in favor of the defendant. No testimony was excluded, on the ground that there was a failure to plead contributory negligence; and, the Circuit Judge considered all the testimony, in determining whether the plaintiff was entitled to a judgment. So that, in any event, there was no prejudicial error. It must be remembered, that this case arose in a magistrate's court, and that section 368 of the Code, contains the provision, that "upon hearing the appeal, the appellate court shall give judgment, according to the justice of the case, without regard to technical errors and defects, which do not affect the merits."

The third exception can not be sustained, for the reason that there is nothing whatsoever in the record, tending to show an abuse of discretion.

Appeal dismissed.