## 9276

### FEINSTEIN v. POLITZ.

#### (87 S. E. 1005.)

TRIAL. MAGISTRATES. WITNESSES. EVIDENCE. APPEAL AND ERROR.

1. TRIAL—MAGISTRATES—WITNESSES.—No one should preside as magistrate and testify as a witness on the same trial.
2. APPEAL AND ERROR.—In order to constitute cause for reversal, a ruling must have been both erroneous and prejudicial to the rights of the appellant.
3. EVIDENCE.—Where testimony tended to establish the right of action in plaintiff, it is not prejudicial to his cause.
4. EVIDENCE.—The written memoranda in his record made by a referee in bankruptcy, introduced merely to prove a collateral fact, need not be formally proven.
5. APPEAL AND ERROR—EVIDENCE.—The admission of cumulative testimony is not reversible error.
6. APPEAL AND ERROR—MAGISTRATES.—Under Code Civ. Proc., sec. 407, a case on appeal from a magistrate should be considered by the Circuit Court upon its merits, and judgment there given according to the justice of the case, without regard to technical errors and defects.
7. APPEAL AND ERROR—RECORD.—Where the record fails to show objection made at the time to a magistrate's testimony on a trial before him, such objection may be deemed waived and too late when first made on appeal in the Circuit Court.
8. APPEAL AND ERROR — MAGISTRATE'S COURTS. — Upon appeal from a magistrate's Court the Circuit Court should consider the case on the evidence in record, and try the case on the merits, and not on account of mere technical errors below order a new trial before the magistrate.

Before SEASE, J., Anderson, July, 1915.    Reversed.

Action by L. Feinstein against A. Politz, originally brought in a magistrate's Court. During the trial the presiding magistrate took the stand as a witness in order to prove a memoranda made by him as referee in bankruptcy with reference to an alleged fact in the case. Judgment being rendered in the magistrate's Court for the defendant,

FOOTNOTE.—As to competency and propriety of Judge as witness in case on trial before him, see notes in 28 A. & E. Ann. Cas. 1913c, 254 to 261, 46 Am. St. Rep. 154, 31 L. R. A. 465, 17 Am. Rep. 349, and in 58 L. R. A. (N. S.) 1915f, 766 to 768.

the plaintiff appealed to the Circuit Court, which ordered a new trial before the magistrate. From this order defendant appeals. The facts are stated in the opinion.

*Mr. S. M. Wolfe,* for appellant, submits: *All exceptions to the rulings of the magistrate, with the exception of the fifth, were abandoned:* 65 S. C. 721. *As to procedure on appeal:* Code Civil Proc., secs. 227, 397 and 407. *No objection was made by plaintiff to the magistrate's testifying on the trial in his Court:* 36 S. C. 908; 40 Cyc. 2237, subd. 12, note 27. *Order granting new trial appealable:* 92 S. C. 361.

*Messrs. Greene & Earle,* for respondents.

February 28, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This action was commenced in a magistrate's Court, to recover the sum of fifty dollars. The jury rendered a verdict in favor of the defendant, and the plaintiff appealed to the Circuit Court, on several exceptions, the fifth of which was as follows: "Because the magistrate erred in allowing the defendant to put him on the stand as a witness, and in testifying on behalf of the defendant in said case over the objection of plaintiff, it being respectfully submitted, that such conduct on the part of the magistrate was prejudicial to plaintiff's case."

The record contains this statement: "The Circuit Judge declined to hear any of the testimony, but for the purposes of this appeal, the following is quoted from the record, which constitutes the portion pertinent to the above exception:

" 'G. H. Geiger, sworn, says: Record book of referee offered in evidence. I was the referee who made the record. (Objected to the admittance of this evidence, on

the ground that the officer was the proper person to prove the record.) The book accounts were given to the bankrupt, as a part of the homestead exemption.' "

After hearing argument of counsel on the fifth exception *alone,* his Honor, the Circuit Judge, granted a new trial, on the ground "that the plaintiff did not get a fair trial, for the reason that the magistrate went on the witness stand, to testify for the defendant."

The defendant, appealed from said 'order, and the first question that will be considered is, whether his Honor, the Circuit Judge, committed error of law, in granting the new trial for the reasons stated in said order.

"If the Judge sits alone he cannot be sworn at all; and, if he be one of several Judges, he ought not to be, unless he leaves the bench during the trial. In such a case, the maxim that 'no one shall be both Judge and witness in the same cause,' prevails." Rapalje, Witnesses,—45; *People* v. *Dohring,* 59 N. Y. 347, 17 Am. Rep. 349; *Rogers* v. *State,* 69 Ark. 76, 29 S. W. 894, 31 L. R. A. 465, A. & E. Enc. of Law 725, 40 Cyc. 2234, and notes.

These authorities are applicable to magistrates as well as to Judges, necessarily. *Marchbanks* v. *Marchbanks,* 58 S. C. 94, 36 S. E. 438; *Baker* v. *Thompson,* 89 Ga. 486, 15 S. E. 644.

The following authorities clearly show, that it was error for the magistrate to go on the stand as a witness. It does not, however, generally follow, that this was a sufficient ground for setting aside the judgment rendered in the magistrate's Court.

Where there is an appeal from the rulings of the Circuit Judge, two things must be made to appeal: First, that the ruling to which exception is taken, was erroneous; and second, that the erroneous ruling was prejudicial to the rights of the appellant. *Sims* v. *Jones,* 43 S. C. 91, 20 S. E. 905.

The record shows that the testimony of the magistrate was introduced for the purpose of showing that the plaintiff was not the real party in interest, but that the claim in dispute was a part of the assets of the bankrupt estate.

3 The testimony of the magistrate, that the book accounts were given to the bankrupt (the plaintiff), as a part of his homestead exemption, tended to establish the fact that he was entitled to bring the action, and, therefore, it was favorable, and not prejudicial to his cause.

Furthermore, the testimony related to a mere collateral fact, which did not require formal proof as to the execution of the writing. *Lowry* v. *Pinson*, 18 S. C. L. (2 Bail.) 324; *Sims* v. *Jones*, 43 S. C. 91, 20 S. E. 905; *State* v. *Waldrop*, 73 S. C. 60, 52 S. E. 793.

The record also shows, that the testimony of the trustee of the bankrupt estate, was the same as that of the magistrate.

Section 407 of the Code Civil Procedure contains this provision: "Upon hearing the appeal the appellate Court shall give judgment, according to the justice of the case; without regard to technical errors and defects, which do not affect the merits."

As the ground upon which his Honor, the presiding Judge, granted a new trial, was purely technical, it was error not to disregard it, and hear the case upon the merits.

There is another ground relied upon by the appellant to show that the question whether there was error on the part of the magistrate, in going upon the witness stand, was not properly before the Circuit Court for consideration.

The question from the record hereinbefore made shows, that when the magistrate testified, "I was the referee who made the record," and offered the book in evidence, the plaintiff then made the following objection:

"Objected to the admittance of this evidence, on the ground that the officer was the proper person to prove the record."

No intimation was given at that time that the magistrate was incompetent as a witness by reason of the fact that the case was being tried before him.

The magistrate does not seem to have regarded the objection as being made to him as a witness as the ground now urged, for, in his report of the case, he says: "The plaintiff has appealed to the Circuit Court upon six exceptions, which in substance question: (1) The propriety of the magistrate's admitting in evidence certain records of the plaintiff's bankruptcy, and (2) the sufficiency of the evidence as a whole to have warranted the verdict." It will thus be seen that the magistrate's return or report of the case fails to show that the plaintiff objected to him as a witness *on the ground that the case was being tried before him.*

His Honor, the Circuit Judge, should have considered all the testimony in the record and to have tried the case on the merits.

It was error, therefore, to order a new trial before the magistrate.

It is the judgment of this Court that the order of the Circuit Court be reversed, and that the case be remanded to the Circuit Court for trial therein, as hereinbefore indicated.