12070

NAUFAL v. GERGEL

(134 S. E., 463)

APPEAL AND ERROR—FAILURE OF CIRCUIT COURT TO REVERSE JUDGMENT OF MAGISTRATE'S COURT FOR ERROR IN ADMISSION OF TESTIMONY HELD NOT GROUND FOR REVERSAL, IN VIEW OF STATUTE (CODE CIV. PROC. § 669).—In action for damage from collision of automobiles, failure of Circuit Court, on appeal from Magistrate's Court, to

reverse judgment for error in admission of evidence that defendant carried liability insurance, *held* not error, in view of Code Civ. Proc. § 669, requiring Circuit Court to give judgment according to justice of case, without regard to technical errors.

Before SEASE, J., Richland, November, 1925. Affirmed.

Action by Eli Naufal against J. Gergel and one Dodge automobile. Judgment of the Magistrate's Court for the plaintiff was affirmed by the Circuit Court, and the defendant appeals.

*Messrs. Frank G. Tompkins* and *Heyward Brockington,* for appellant, cite: *Testimony that defendant carries insurance incompetent:* 127 S. E., 215; 126 S. E., 644; 122 S. E., 670; 125 S. C., 442; 118 S. E., 802; 120 S. C., 285; 113 S. E., 118. *Judgment on appeal from Magistrate's Court:* Code Civ. Proc. 1922, Section 669. *Case distinguished:* 83 S. C., 473; 56 S. C., 554. *"Merits" defined:* 11 S. C., 122.

*Messrs. B. L. McDowell* and *J. Q. Marshall,* for respondent, cite: *Judgment on appeal from Magistrate's Court:* 98 S. E., 326; 96 S. E., 254; 93 S. E., 145; 76 S. E., 986; 76 S. E., 609. *Where Circuit Court affirms judgment of Magistrate's Court without stating grounds, such grounds presumed meritorious:* 77 S. E., 703.

September 21, 1926.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action for damages arising out of an automobile collision. It appears from the record that, on or about May 28, 1925, the plaintiff's automobile, a Chalmers, driven by his wife, collided with a Dodge, the automobile of the defendant, driven by his wife, at the intersection of Assembly and Richland Streets in the City of Columbia, apparently doing some damage to both cars. The plaintiff by his complaint alleged that his car was being driven at the time of the collision in a careful manner, while the au-

tomobile of the defendant was being driven in a careless
and reckless manner, without regard for traffic regulations
and the rights of other vehicles. The defendant by his
answer denied the allegation of negligence and reckless-
ness on his part and on the part of his agent, alleging
that the car of the plaintiff at the time of the collision was
being driven at a high and reckless rate of speed, and that
the negligence and reckless acts of the plaintiff and his
agent were the proximate cause of the damage complained
of. He also interposed the defense of contributory negli-
gence.

On trial of the case in the Magistrate's Court, the jury
awarded the plaintiff $61.80 actual damages. An appeal
was taken by the defendant to the Circuit Court on substan-
tially the same grounds as set out in his exceptions on ap-
peal to this Court. The appeal in the Circuit Court was
heard by his Honor, Judge Sease, who affirmed the judg-
ment, but did not assign any reasons in his order for so
doing. The defendant now comes to this Court on appeal,
imputing error as follows:

"(1) That his Honor, the presiding Judge, erred in sus-
taining the judgment of the Magistrate's Court, and in not
granting a new trial upon the second ground of defendant's
appeal, in that the Magistrate had excluded a signed writ-
ten statement by the plaintiff which was material and very
important to the defense.

"(2) That his Honor, the presiding Judge, erred in
sustaining the judgment of the Magistrate's Court and in
not granting a new trial upon the third ground of defend-
ant's appeal, in that the presiding Judge sustained the ruling
of the Magistrate in not stopping the case and refusing to
order a mistrial when the plaintiff's attorney stated, before
the jury, over the objection of defendant's attorney, that
both plaintiff and defendant carried liability insurance on
their cars; this being extraneous matter and highly prejudi-

cial to defendant's case, and which very probably had an effect upon the decision of the jury.

"(3) That his Honor, the presiding Judge, erred in sustaining the judgment of the Magistrate's Court and refusing to grant a new trial upon the fourth ground of defendant's appeal, the error being that the presiding Judge sustained the ruling of the Magistrate in allowing plaintiff's attorneys to question defendant about liability insurance in the presence of the jury, over the objection of the defendants attorney, and allowed the questions to be answered; this being extraneous matter and highly prejudicial to defendant's case and substantially affected the merits of the case.

"(4) That his Honor, the presiding Judge, erred in sustaining the judgment of the Magistrate and refusing to grant a new trial upon all of the evidence in the case."

It is conceded by the respondent that there was error in the trial of the case in the Magistrate's Court in admitting the testimony complained of by the third exception, but it is contended that it has not been shown by the appellant that such testimony, admittedly incompetent, was prejudicial to the rights of the appellant or influenced the jury in their verdict, as there was other ample testimony to sustain the verdict.

On appeal from inferior Courts to the Circuit Court, Section 669 of the Code of Civil Procedure of 1922 provides:

"Upon hearing the appeal, the Appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits."

In *Stanford v. Cudd,* 93 S. C., 367; 76 S. E., 986, the Court said:

"In obedience to the statute, the Circuit Court might have concluded that the Magistrate erred in refusing some or all of the defendant's requests, or in admitting some or all of the testimony objected to by defendant, but the Court

might have thought, upon consideration of the case on the merits, that, notwithstanding such errors, the plaintiff was entitled to judgment; and as there was evidence which would have warranted such a conclusion, and as we cannot say that the judgment was affected or controlled by any error of law, it must be affirmed."

In line with this decision, our view of the case at bar is: While there was error by the Magistrate in the admission of the testimony complained of, and while, as stated, the Circuit Judge gave no reasons for his conclusion affirming the judgment, we assume that the Circuit Judge, in considering the appeal, had in mind the statute quoted above, and undertook to do substantial justice between the parties, without regard to technical errors and defects not affecting the merits of the case. No doubt he went carefully into the whole matter, giving due consideration to the errors complained of in the admission of the testimony in their possible effect upon the merits of the case. Reaching the conclusion, upon such consideration, that the verdict of the jury was correct under the testimony, he sustained the judgment of the Magistrate's Court. From our examination of the record we cannot say that the Circuit Judge's conclusion was not based on meritorious ground or that the judgment was in any way induced or affected by the errors of law complained of. There was ample testimony aside from that erroneously admitted, to support the verdict of the jury and the judgment of the Court.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, COTHRAN and BLEASE concur.