13882

WESTBROOK v. JEFFERIES

(175 S. E., 433)

*Messrs. Hall, Vassy & Hall,* for appellant,

*Messrs. Johnston & Godshall,* for respondent,

July 6, 1934.

The opinion of the Court was delivered by Mr. Justice Stabler.

This action was commenced in the Court of a magistrate in Cherokee County for damages, both actual and punitive, in the sum of $99.00. It was alleged in Paragraph 2 of the complaint:

"That on or about the 9th day of August, 1932, Raymond Westbrook, hereinafter called plaintiff, was going in an automobile on the Gaffney-Blacksburg Highway, in the direction of Blacksburg, in the County of Cherokee, and State aforesaid; that on said date as aforesaid, the defendant's agents and servants were driving two wagons of the defendant in the night time, without a lantern, and the plaintiff, not knowing of said wagons, ran into the said wagons, and plaintiff's car was damaged thereby, and said injury and damage to plaintiff's car was directly due to and proximately caused by the negligence and wilfulness of the defendant in the following particulars:

"(a) In that the defendant failed and neglected to have a light on the wagons as required by the Statute law of the State.

"(b) In that the defendant had two wagons running side by side, when the said wagons should have been running one behind the other.

"(c) In that the defendant on numerous occasions before said injury and damage as aforesaid had permitted and caused to be driven the said wagons without having lights on the same in the night time."

On the call of the case for trial the defendant moved to strike from the complaint specification (c) above quoted, on the ground that it was irrelevant and stated no cause of action. The motion was refused, and the defendant then answered denying the allegations of the complaint. He also pleaded a counterclaim "for damages sustained to his mules and wagons through the negligence and wilfulness of the plaintiff in running into them at a high and dangerous rate

of speed without having his car equipped with adequate lights or brakes," etc. During the trial testimony was offered by the plaintiff, and was admitted over defendant's objection, tending to establish the allegations contained in (c). The magistrate submitted the case to the jury without any instructions as to the law applicable to the issues, merely charging them as to what kind of verdict they might render. From judgment in favor of the plaintiff for the amount asked for, the defendant appealed to the Circuit Court, imputing error to the magistrate: (1) In refusing to strike from the complaint specification (c), and in admitting objectionable testimony in proof thereof; and (2) in failing to instruct the jury as to the law applicable to the issues made by the pleadings. Judge T. S. Sease, who heard the appeal, sustained the judgment "in every particular." He gave no reasons for his conclusions, but indicated in his order that they were reached after due deliberation. The defendant is now here on appeal, and raises by his exceptions substantially the same questions as those presented to the Circuit Court.

With regard to appeals from inferior Courts to the Circuit Court, Section 804 of the Code of 1932 provides: "Upon hearing the appeal, the appellate Court shall give judgment according to the justice of the case, without regard to technical errors and defects which do not affect the merits." See the following cases in which this provision of law was considered and applied: *Fraser v. Railway Company,* 93 S. C., 272, 76 S. E., 609; *Stanford v. Cudd,* 93 S. C., 367, 76 S. E., 986, 987; *Price v. Railway Company,* 93 S. C., 576, 77 S. E., 703; *Feinstein v. Politz,* 103 S. C., 238, 87 S. E., 1005; *Bagnal v. Express Company,* 106 S. C., 395, 91 S. E., 334; *Naufal v. Gergel,* 136 S. C., 366, 134 S. E., 463.

In the *Politz case,* it is stated that the Circuit Court, on such appeal, should consider all the evidence in the record, and try the case on the merits. In the *Price case,* it was held that where it was not made to appear upon what ground the

Circuit Court rendered its judgment, "we must assume that it was rested upon some sound and meritorious ground, and sustain it, if the record discloses any such ground." In the *Cudd case,* the Court said: "In obedience to the statute, the Circuit Court might have concluded that the magistrate erred in refusing some or all of the defendant's requests, or in admitting some or all of the testimony objected to by defendant, but the Court might have thought, upon consideration of the case on the merits, that, notwithstanding such errors, the plaintiff was entitled to judgment; and as there was evidence which would have warranted such a conclusion, and as we cannot say that the judgment was affected or controlled by any error of law, it must be affirmed."

It is clear that the testimony sought to be excluded by the defendant was not competent to prove the proximate cause of plaintiff's alleged injuries. If the jury found, however, from other evidence that the appellant was negligent and willful on the occasion in question and that the plaintiff was damaged as a proximate cause thereof, then the evidence objected to was relevant on the question of willfulness and could be properly considered in the assessment of punitive damages. See *Jennings v. Railway Company,* 138 S. C., 385, 136 S. E., 639, and cases therein cited. But in the present case the magistrate did not so charge; and the appellant urges that, in the absence of any instructions, the jury doubtless gave full weight and consideration to this testimony in determining the fact of proximate cause, and that the rights of the defendant were thereby greatly prejudiced.

In *Collins-Plass Thayer Company v. Hewlett,* 109 S. C., 245, 95 S. E., 510, 513, this Court held that while the charge of the Circuit Judge, which failed to instruct the jury "in what the breach of a contract consisted, and the difference between a partial breach and an entire breach, and the legal consequences of such breaches, and the duty the plaintiff owed to the defendant in the event of a breach by the defendant, and the measure of damages the plaintiff

was entitled to, in the event of a recovery," was hardly a sufficient compliance with the Constitution, "a judgment ought not to be reversed unless it is manifestly wrong," and that "contemplation of the testimony, which satisfied the jury, leads us to conclude that the appellant has not been wronged."

*Ward v. Railway Company,* 155 S. C., 54, 151 S. E., 904, 905, was an action in a magistrate Court for damages on account of the loss of two head of cattle transported over the defendant's line of road. The magistrate refused to charge the jury the stipulation on the back of the bill of lading referring to cases in which the carrier would not be liable. The Circuit Judge affirmed the judgment of the magistrate, stating that "there was ample evidence to sustain the verdict and judgment of the Court." On appeal, in a concurring opinion by Associate Justice Blease, now Chief Justice, the Court said: "We cannot expect our magistrates, usually untrained in the technicalities of the law, and unfamiliar with the orderly manner of instructing juries, to deliver their charges without some little confusion. In fact, the jurors they instruct often know as much about the law as the magistrates do. The conclusion of the circuit Judge, who has the right to review all the facts, on appeal from a magistrate's Court, for the purpose of determining the justice of the case, that the parties have had a fair trial in the inferior Court, and that substantial justice has been done, should be given more weight in this Court than almost anything else in the consideration of appeals in cases originally heard in the Courts of magistrates."

It appears that the magistrate in the case at bar, in giving no instructions to the jury except as to the kind of verdict they might render, did not comply with Section 26 of Article 5 of the Constitution. *Marchbanks v. Marchbanks,* 58 S. C., 92, 36 S. E., 438. As stated in the *Hewlett case,* the jury "ought not to be left to cut a way through the woods with no compass to guide it." However, as pointed out in the same case, "if the jury has found

the right way without a compass, then no real wrong has been done." Also, as said in the *Ward case*, "the conclusion of the Circuit Judge * * * on appeal from a magistrate's Court * * * should be given more weight in this Court than almost anything else in the consideration of appeals in cases originally heard in the Courts of magistrates."

When the appeal reached Judge Sease, we may properly assume—and it is evident from his order—that he considered all the evidence in the record and tried the case on the merits; and we cannot say, from our examination of the record before us, that the conclusion reached by him was not based on meritorious grounds or that the judgment was in any way induced or affected by the errors of law complained of. There was testimony, other than that objected to, which tended to show that the defendant, at the time of the alleged accident, was violating the statute law of the State by operating his wagons on a public highway after dark without lights; and that the wagons were being driven at the time abreast on the highway, without regard to the rights or safety of others traveling thereon—all of which tended to show negligence and willfulness on the part of the defendants as the proximate cause of plaintiff's alleged injuries. Nor can we say that the judgment of the magistrate Court, as found and held by the Circuit Judge, did not speak the justice of the case.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE BLEASE, MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.