15031

WILLIAMSON *ET AL* v. SOUTH CAROLINA ELECTRIC & GAS CO.

(7. S. E. (2d), 516)

March 1939.

*Messrs. Lide & Felder,* for appellants,

*Messrs. Adam H. Moss, James A. Moss* and *Julian S. Wolfe,* for respondent,

March 4, 1940.

The opinion of the Court was delivered by MR. WM. H. GRIMBALL, ACTING ASSOCIATE JUSTICE.

This "negligence" case comes now to this Court on appeal from an order of nonsuit issued by the trial Judge, Honorable Hayne F. Rice.

It appears from the record that respondent, an electric power company, contracted to furnish electric current to appellants for the operation of a cotton gin. In carrying out this enterprise respondent, among other things, placed "fuses" on its transmission pole near appellants' gin house.

An electric motor belonging to appellants was burned out by electricity, and this suit was brought for damages to the motor, alleging negligence on the part of respondent in placing improper fuses in the electric wiring at its power pole.

The motion for nonsuit was based, *inter alia,* upon the following grounds:

"(a) The plaintiffs have failed to establish any contract which in any manner puts any duty on the defendant to protect the property of the plaintiffs."

"(b) Plaintiffs have failed to prove the breach of any duty owing the plaintiffs by the defendant."

"(c) There is no evidence in the record that the fuses complained of were installed for the protection of the plaintiffs."

It is, of course, axiomatic, that negligence consists in the failure to perform some duty owed by one person to another.

We are unable to find in the record herein any evidence of any duty owed by respondent to appellants in the matter of placing protective fuses in its wires. The contract proven was exceedingly simple. Respondent agreed to supply electric current to appellants. Appellants agreed to pay for the current that they used. The contract contained no reference whatsoever as to fuses.

The burden of proof rested upon appellants to show that respondent owed them the duty of installing proper fuses for the protection of their electric equipment. We are unable to find any such proof in the record.

For what purpose did respondent place fuses on its power pole? As to this the record is silent. Were these fuses placed on the power pole for the protection of respondent's own wires? As to this the record is silent. Was there any reason why appellants could not have, and did not, place fuses in their own wires for the protection of their motor? As to this the record is silent.

It is true that the record shows that after the motor was injured an agent or respondent reduced the number of fuses on the power pole and stated that after doing so the motor would not again be injured. This, however, might be true and still respondent owes no duty as to protective fuses to appellants.

We are of the opinion that Judge Rice was without error in granting the motion for nonsuit. The appeal is therefore dismissed.

MR. CHIEF JUSTICE BONHAM, MR. JUSTICE FISHBURNE, and MR. ACTING ASSOCIATE JUSTICE E. C. DENNIS concur.