15333

HIERS v. SOUTH CAROLINA POWER CO.

(17 S. E. (2d), 698)

*Messrs. Crum & Crum,* of Denmark, for appellant, 

*Mr. B. D. Carter,* of Bamberg, for respondent, 

November 27, 1941.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE A. L. GASTON.

This case originated in the forum of a Magistrate's Court, where frequently pesky questions are germinated, which breed trouble throughout the case notwithstanding the terms of the Code requiring that substantial justice is to be rendered, without regard to technical errors and defects, which do not affect the merits. Section 804, Code 1932. No particular form is required as to the pleadings; a variance between the proof on trial and the allegations in a pleading shall be disregarded as immaterial, unless the Court shall be satisfied that the adverse party has been misled to his prejudice. Section 274, Code 1932. Simplicity in pleadings is required in the Magistrate's Court. Upon appeal judgment shall be given according to the justice of the case, regardless of technical errors and defects not affecting the merits.

In the case at bar the plaintiff appeared as his own at-

torney, which is tantamount to the suggestion that he is apt to have an unwise client. However, this handicap has been overcome by reason of the services of the eminent counsel who now appears for the plaintiff-respondent. The complaint alleges that the plaintiff owned and operated a meat market, and grocery store, in Ehrhardt, together with a refrigerator and cooling system for the protection of fresh meats by means of electric current furnished by the defendant, "pursuant to agreement and contract." It is further alleged that the defendant negligently and willfully failed to furnish current of sufficient voltage to operate the cooling system.

On defendant's motion to require plaintiff to elect, on the trial, the plaintiff elected to proceed on the ground of breach of contract, and not on tort. The jury found a verdict for plaintiff and judgment was duly entered thereon.

The Circuit Court sustained the judgment of the Magistrate's Court, hence this appeal.

By the first exception the defendant contends that there was no evidence of the terms of any contract or the breach of the terms of any contract and, therefore, the case should have been dismissed on the motions for a nonsuit and directed verdict. The evidence for the plaintiff showed that the defendant was supplying electric current to the plaintiff and the public. It required a voltage of 110 to run plaintiff's motor and a lower voltage caused the motor to burn out. Plaintiff testified as follows: "We needed a change in our transformers to carry proper amount of current to operate motors and lights for which we were paying. On 26th day of January, 1940, on Saturday morning I find my motor burned up. I called an electrician to bring me a new motor, he did and before good dark came he was called back to check up on his motor and he said the voltage was low. Mr. Crum objects to his stating what is hearsay. Mr. Hiers: I saw the volt on 102. Mr. Hiers: The said Power Company on the 14th day of March, 1940, removed the transformer and replaced it with a much larger size and also they rechecked the whole town and put up transformers where there

were none and changed the smaller ones. I had made my complaint to the Power Company."

It is apparent that the defendant did not furnish transformers to carry the current for which plaintiff was paying; the transformers were furnished by the defendant; the service was rendered to enable plaintiff to operate the motor in his refrigerator outfit; the plaintiff's motor gave perfect service with voltage 110; yet the defendant did not deliver sufficient current to perform the services for which the defendant was being paid. The defendant delivered a lower voltage than it was being paid to furnish, because its transformers were not large enough. The defendant was familiar with the use plaintiff was making of the current and was under obligation to supply a sufficient voltage to reasonably take care of the customer's usual and ordinary purposes and to operate the plaintiff's motor. Of course, the defendant denied plaintiff's contention, and there was a conflict of testimony for the jury to decide. In fact the defendant offered evidence showing that similar equipment to plaintiff's served by the same transformer and farther from it, did not burn out; that the weather on the morning the motor was found burned out was twenty-two degrees at 7 A. M., that plaintiff's wiring was not according to underwriters' standards; that if a motor is properly fused it will not burn out from low voltage, but that fuse will burn out and protect the motor; that the defendant has automatic regulators for the purpose of regulating voltage; that the transformer was changed in March afterwards because two new service stations were being built and to take care of any show business that might come along; that plaintiff's voltage had been checked the last time Mr. Rhame was in plaintiff's store and it was 115 to 120; that motors burned out from other causes than low voltage.

There was some evidence for the jury to consider of a contractual relation between the plaintiff and the defendant. The duty of one to the other rested in contract and arose out of this obligation.

This clearly was a suit based on alleged breach of contract, and was an action *ex contractu. Shaw v. Great A. & P. Tea Company et al.,* 189 S. C., 437, 1 S. E. (2d), 499; *Jones v. South Carolina Power Company,* 191 S. C., 419, at page 428, 4 S. E. (2d), 625.

The appellant does not except on the ground that a breach of contract is not alleged, but contends that the plaintiff failed to prove the existence of a contract, or its terms, or its breach. Certainly there was evidence tending to prove a contract between the parties for the sale and delivery by the defendant to the plaintiff of electric current for the purpose of operating the cooling plant. If the defendant failed to do so and thereby breached its contract, the plaintiff would be entitled to recover damages caused directly, proximately, naturally and reasonably within the contemplation of the parties as the result of such failure and breach. It was not necessary for plaintiff to go further and prove the defendant had not limited its liability in anywise because of the peculiar nature of its business. The defendant knew the nature of plaintiff's business and it is not denied that defendant was furnishing electric current to run the plaintiff's outfit; a failure to furnish adequate or sufficient current because of lack of transformers is the gist of plaintiff's action.

Appellant seeks to bring this case within the principles of the case of *Williamson et al. v. South Carolina Electric & Gas Company,* 193 S. C., 11, 7 S. E. (2d), 516. There is some similarity between the two cases. The *Williamson case* holds that the defendant was not liable for alleged negligence in placing improper fuses in the electric wiring at its power pole for the reasons that the evidence did not show any duty on the part of the defendant to protect plaintiff's electrically equipped gin house, and motor, nor to show any reason why plaintiff could not have, and did not, place fuses in his own wires to protect his motor. The failure in that case was to furnish fuses. Here the failure alleged is to furnish electric power or current of sufficient voltage to operate the cooling

system. The defendant agreed to sell and deliver electric power. The plaintiff bought and agreed to pay for it. The contract was very simple. A failure to supply the normal usual current was a breach of contract due in the present case to lack of transformers which were a part of defendant's equipment.

The second exception charges error on circuit in sustaining the judgment, and holding the defendant liable on the ground of implied contract, whereas the action is based on an express contract, which excludes proof of an implied contract. The rules of pleading in the Magistrate's Court do not require the complaint to be in writing, but the pleadings may be oral. In this instance the complaint is written, but it does not allege whether the contract was express or implied nor if in writing or verbal; it merely alleges that "on said date, pursuant to agreement and contract, the defendant was furnishing to plaintiff necessary electric current to operate said refrigerator and cooling system." This was a sufficient allegation in the Magistrate's Court to permit a recovery upon an implied contract, especially in the absence of any motion to require the plaintiff to allege more definitely the nature of the alleged agreement and contract. Also it is the duty of the Circuit Court on appeal from the Magistrate's Court to give judgment according to the justice of the case without regard to technical errors and defects which do not affect the merits. *Naufal v. Gergel,* 136 S. C., 366, 134 S. E., 463.

Judge Oxner based his decision, as he had the right to do, upon the implied duty under the law upon the defendant to furnish a sufficient voltage to reasonably take care of the use to which it knew the customer was making of said current, particularly in the absence of any showing that the use or appliance was an unusual or an unreasonable one. The appellant cannot be heard to say that it was not prepared to meet the issue of implied contract by not having the contract in Court. In other words, when the motion for a nonsuit was

refused, the defendant offered five witnesses to disprove the plaintiff's contention, including the Mayor of Ehrhardt, the claim agent of the defendant company, the district manager located at Denmark of the defendant company, and two other experts in electricity. The defendant seemed well prepared to go to the jury with evidence and witnesses. If the contract was missing and not offered in evidence, it is one of the fortunes, or misfortunes, of war in almost every lawsuit to omit something that later looms up as most important and material.

The third and fourth exceptions relate to the evidence by defendant's witnesses that the plaintiff's motor would not have burned out from low voltage, if it had the proper protection in the way of fuses, which the plaintiff and not the defendant should furnish. The testimony does not directly show that the fuses on the motor of the plaintiff were improper, but appellant says that it follows as the night does the day that if the motor burned out as plaintiff claims, that it was not properly fused. More than one reasonable inference can be drawn from the testimony, and the jury accepted the inference from plaintiff's testimony that the voltage was too low and believed that to be the true reason. The jury has the especial prerogative to decide the facts, if the evidence tends to sustain the reasonable probability of the manner or way relied upon by the plaintiff even if the injury might have occurred in one of a dozen ways. The law does not require proof of a certainty in a civil suit. *Lancaster v. South Carolina Power Company*, 181 S. C., 244, 186 S. E., 911.

The fifth exception may be disposed of by the foregoing conclusions, for the reason that the testimony of the defendant's witnesses to show that the utility company had automatic regulators to keep the voltage accurate within a few volts, raised a jury issue, even if the defendant did not agree to assume liability for low voltage, since the law as to an implied contract raises the duty or ob-

ligation to furnish and deliver sufficient current voltage for the purpose for which one sells and agrees to deliver current.

The sixth and last exception raises an issue which was not presented to the Court below, either on the trial before the Magistrate, or on the appeal to the Circuit Court; and the Circuit Court did not pass upon or decide the point. It was not passed upon by the Magistrate, and no testimony was offered on the trial to sustain the position now taken. The appellant says that no contract with a public utility company can be implied for loss or damage to a customer from low voltage, because such a contract would be contrary to the rules and regulations promulgated by the Public Service Commission of this State pursuant to the laws of the State. Nearly five pages of appellant's printed brief are taken up with argument and citation in reference to these rules of the Public Service Commission. The plaintiff concedes the fact that the appellant is an electrical utility under the law, and that the Court will take judicial notice of such fact. But the plaintiff cites the Act of April 8, 1932, 37 St. at Large, p. 1498, No. 871, Section 2(b), and certain rules of the commission to the effect that each utility shall maintain its plant, distribution system and facilities at all times in proper condition for use in rendering safe, adequate, reasonable and continuous service; shall adopt standard average voltages for different classes of service; and at all times shall maintain reasonably constant voltage, with a minimum variation, based on good practice for such class of service. So that appellant and respondent are not agreed as to the meaning, force and effect of the rules and regulations referred to and the law on the subject. How, therefore, can this Court affirm or reverse a legal issue which has not been decided by a lower Court in the trial of this case. The Supreme Court is for the correction of errors at law below. Article 5, Section 4, Constitution 1895. Undoubtedly the appellant had the right to invoke the pertinent rules and regulations of the Public Service Commission of this State on the

trial of this case, or even on the appeal to the Circuit Court. This was not done. No decision in this case has been rendered in respect to the applicability or force and effect of such rules and regulations. There is nothing to appeal from in this respect and nothing for this Court to decide in regard thereto. There is no way now to tell where the error lies either as contended for by appellant, or as asserted by the respondent. Nor can this Court now decide which is right. The Supreme Court cannot review or correct something that has not been decided, or raised. *Green v. Green,* 50 S. C., 514, 27 S. E., 952, 62 Am. St. Rep., 846; *State v. Griddle,* 125 S. C., 264, 118 S. E., 424; *Graniteville Mfg. Company v. Renew,* 113 S. C., 171, 102 S. E., 18; *State v. Gowan,* 178 S. C., 78, 182 S. E., 159, and cases cited. *Darby v. Southern Railway Company,* 194 S. C., 421, at page 454, 10 S. E. (2d), 465.

The foregoing cases cited relate to criminal cases as well as to civil suits. This Court has uniformly adhered to this procedure and to the rule announced. Even if the rule should not be followed in the case at bar, the justice of the case requires that the judgment be affirmed and that all of the exceptions be overruled.

Judgment affirmed and appeal dismissed.

MESSRS. ASSOCIATE JUSTICES BAKER, FISHBURNE and STUKES, and MR. ACTING ASSOCIATE JUSTICES L. D. LIDE concur.